IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DEVONTAE MARQUEZ RIVERS                                    PETITIONER
ADC #153025

V.                          CASE NO. 5:14-cv-00266 SWW-JTK

WENDY KELLEY,[1] Director
Arkansas Department of Correction                          RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan W. Wright.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States

---

[1] Wendy Kelley replaced Ray Hobbs as Director of the Arkansas Department of Correction.  Under Federal Rule of Civil Procedure 25(d), Wendy Kelley is automatically substituted as Respondent in this matter.

District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A 149
Little Rock, AR 72201-3325

**Introduction**

Petitioner, Devontae Rivers, an inmate at the Arkansas Department of Correction, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 on July 7, 2014. (Doc. Entry No. 2) He filed an amended petition on July 18, 2014. (Doc. Entry No. 5) A response was filed by Respondent on July 30, 2014. (Doc. Entry No. 8) Petitioner filed a reply on September 3, 2014. (Doc. Entry No. 12) along with an Addendum and Amended

Addendum (Doc. Entry Nos. 13, 14). After reviewing the parties' briefings and the available evidence, the undersigned recommends that the habeas petition be denied and this action dismissed.

## Background

On August 21, 2012, Petitioner pleaded guilty to the offenses of first degree murder, kidnapping and aggravated robbery in Mississippi County (Arkansas) Circuit Court. The court sentenced Petitioner to 420 months imprisonment. Petitioner did not appeal his sentence. The Court filed the judgment and commitment order on August 21, 2012.

On February 5, 2013, Petitioner filed a state habeas petition and motion to rescind his guilty plea. The state circuit court denied the motion and petition by order filed February 11, 2013. Petitioner filed a timely appeal but failed to timely submit his appellate brief. Therefore, the Arkansas Supreme Court dismissed the appeal on October 3, 2013. In its order, the Arkansas Supreme Court stated that it dismissed the appeal not only because of Petitioner's failure to file a brief, but it also dismissed on the grounds that Petitioner could not prevail on appeal because (1) the Mississippi County trial court did not have personal jurisdiction to issue a writ of habeas corpus because Petitioner was not incarcerated within its jurisdiction and (2) Petitioner's motion to rescind his guilty plea was actually a motion for Rule 37 postconviction relief that was not timely filed. *Rivers v. State*, 2013 Ark. 384 (2013).

## Discussion

Section 2254 requires state habeas petitioners to file their petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 US.C. § 2244(d)(1)(A). In Arkansas, for a criminal defendant who pleads guilty and does not seek review in the State's highest court, the judgment becomes final on the date that the time for seeking such review expires. *Camacho v. Hobbs*, 774 F.3d 931, 935 (2015). "In Arkansas, a criminal defendant generally has thirty days from "the date of entry of a judgment" in which to file an appeal, Ark. R. App. P. – Crim. 2(a)(1)." Therefore, Petitioner had until September 21, 2012—thirty days from the August 21, 2012, judgment and commitment filing date—to file an appeal to the state appellate court. Thus, Petitioner was required to file his federal habeas petition by September 23, 2013.[2] Petitioner did not file the current petition until July 7, 2014.

The statute of limitations may be tolled during the pendency of any properly-filed applications for postconviction or other collateral review. 28 U.S.C. § 2444(d)(2). "A properly filed application is one that meets all the state's procedural requirements." *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002). Although Petitioner attempted to seek post-conviction relief, his state habeas petition was not properly filed. Therefore, Petitioner's federal habeas petition is not entitled to statutory tolling during the pendency of the postconviction proceedings. *See Lewis v. Norris*, 454 F.3d 778, 781 (8th Cir. 2006) (state habeas petition filed in the wrong county was not "properly filed" and did not toll the statute

---

[2]September 21, 2013, fell on a Saturday; therefore, the next business day was September 23, 2013.

of limitations).   This is also the case with Petitioner's motion to rescind his guilty plea.

Arkansas rules require Rule 37 petitions to be filed within ninety (90) days from the entry

of judgment. Ark. R. Crim. P. 37.2(c)(i).   The state circuit court entered the judgment on

August 21, 2012, and Petitioner did not file his motion to rescind the guilty plea, which the

Arkansas Supreme Court construed as a Rule 37 petition, until February 5, 2013—well

outside of the ninety-day requirement.   Thus, the limitations would not be tolled during the

pendency of Petitioner's attempts at collateral review.    Even when the statutory exceptions

do not apply to a petitioner's claim, the statute of limitations on filing a writ of habeas corpus

can be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A

"petitioner is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing

his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

prevented timely filing." *Id.* at 549 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court finds no reason to believe that equitable tolling would be appropriate in this case.

*See Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir.2000) ("Equitable tolling is proper

only when extraordinary circumstances beyond a prisoner's control make it impossible to file

a petition on time."). "Ineffective assistance of counsel generally does not warrant equitable

tolling." *Beery v. Ault*, 312 F.3d at 951.  Petitioner argues he received ineffective assistance

of counsel at the trial level; hence, equitable tolling is not warranted here because this is not

a situation where the alleged ineffective assistance specifically impacted the timely filing of

the habeas petition.  *See United States v. Martin*, 408 F.3d 1089, 1093-95 (8th Cir. 2005)

(where petitioner was assured by counsel that his habeas petition would be filed but counsel

did not do so timely, the court found serious misconduct and the limitations period was equitably tolled).

## Conclusion

Petitioner's habeas petition was not timely filed, and equitable tolling is not warranted.

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. Entry Nos. 2, 5) be, and it is hereby, dismissed, with prejudice. The relief prayed for is denied.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 28th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE